an opportunity to defend upon the merits, but for the fact that upon the record stands the admission in the name of the Attorney General of the "due, timely, and personal service" of the papers.  The irregularity in the service of papers is thereby waived, and it is of no moment that an attorney without authority had his formal appearance noted upon the hearing.  If the Attorney General shall choose to file and serve his affidavit to the effect that he disaffirms the act of his deputy in signing his name, and that such act was without his permission and authority, the hearing upon the motion for a receiver made July 4th may be opened, and the Attorney General permitted to be heard upon the merits of the application.

As the receiver has already qualified, giving the bond required, taken possession of the assets of the defendant, brought an important suit affecting the title to a large number of bonds, and is operating the road, I do not deem it wise to vacate the order appointing him, and require the plaintiff to bring proceedings de novo.  I conclude that the rights of all parties can be protected by opening the original hearing.

Ordered accordingly.

---

(41 Misc. Rep. 298.)

### TOWNSEND v. ONEONTA, C. & R. S. RY. CO.

#### (Supreme Court, Special Term, Otsego County.  August, 1903.)

1. RECEIVER—REMOVAL.
>    Where the appointment and subsequent conduct of a temporary receiver of a railroad corporation were satisfactory to all parties in interest, except one claiming to be a majority bondholder, he will not be removed, where title of the objecting party to the bonds was contested by the receiver, and the bonds were claimed to belong to the corporation itself.

Action by Lucius H. Townsend against the Oneonta, Cooperstown & Richfield Springs Railway Company.  Rehearing, and motion to appoint receiver.  Order appointing receiver confirmed.

See 83 N. Y. Supp. 1034, and 84 N. Y. Supp. 117.

Alva Seybolt, A. R. Gibbs, and A. M. Sanders, for the motion.

George F. Slocum, Dep. Atty. Gen., John L. Wilkie, and Albert Hotchkiss, opposed.

MATTICE, J.   H. T. Jennings was appointed receiver by the order of July 4th.  The hearing of that date has been opened at the instance of the Attorney General to enable him to defend.  He now concedes the right of the judgment creditor to the appointment of a receiver, but insists that some person other than Jennings should be appointed.  He is supported in that contention by the person holding a bare majority of the bonds.  Practically all others financially interested in the road request the appointment and continuance of Mr. Jennings.  This includes judgment creditors, stockholders, and the holders of nearly half of the bonds.  Many of the business men and citizens of the principal places through which the road passes also request his appointment.  Since his appointment, July 4th, he has commenced an action in equity against the holder of a bare majority of

the bonds for an adjudication that they actually belong to and are the property of the railroad company. The receipts of the road have largely increased since his appointment as receiver; no accidents have occurred; the road has apparently been properly operated, and its affairs properly administered. He is familiar with the affairs of the road, and I believe him to be honest and competent. The people along the route, whose patronage supports the road, share that confidence. In addition, the significant fact that no person financially interested in the road objects to his appointment, except the holder of bonds whose title is challenged by a suit already brought by him, leads me to the conclusion that it would be proper to continue him in office so long as he does no unwise or improper act as such receiver. An order may be entered confirming the order of July 4th, and continuing him as receiver.

Ordered accordingly.